TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NAVDEEP DHALIWAL, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>MHM SOLUTIONS, LLC, a Foreign Limited Liability Company; STATE OF NEVADA BUREAU OF DISABILITY ADJUDICATION, a Department of the State of Nevada;<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW, Plaintiff NAVDEEP DHALIWAL (hereinafter, "Plaintiff"), by and through his counsel, Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

## **PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, was and is an individual residing in the State of Nevada.

2. Plaintiff was an employee of Defendant MHM SOLUTIONS, LLC who was contracted by Defendant MHM SOLUTIONS, LLC to work for Defendant STATE OF NEVADA BUREAU OF DISABILITY ADJUDICATION, a Department of the State of Nevada, as a physician employee and was an employee according to federal common law and within the definition of

1

42 U.S.C. § 12101, Title I and V of the American's with Disabilities Act of 1990, and amendments thereto, (ADAA) and 42 U.S.C. Section(s) 1201 *et seq.* and laws of the State of Nevada.

3. Upon information and belief, at all times relevant hereto, Defendant MHM SOLUTIONS, LLC is and was a foreign corporation or similar business entity organized and existing under Nevada law and which regularly conducted business in Nevada.

4. Defendant STATE OF NEVADA operated and managed the BUREAU OF DISABILITY ADJUDICATION which employed and controlled Plaintiff as a physician employee and was an employer according to federal common law and within the definition of 42 U.S.C. § 12101, Title I and V of the American's with Disabilities Act of 1990, and amendments thereto, (ADAA) and 42 U.S.C. Section(s) 1201 *et seq.* and laws of the State of Nevada.

5. Defendants regularly employs fifteen or more persons.

6. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendants.

7. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendants, acting by and through their agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendants ratified said acts and or omissions.

**JURISDICTION AND VENUE**

8. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

9. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendants reside or resided, and/or regularly conducts business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

11. Plaintiff was terminated from his employment in July 2019, and Plaintiff thereafter timely filed an intake inquiry form to perfect, and did perfect, a formal charge of discrimination with the Nevada Equal Rights Commission [hereinafter "NERC"] in August 2019, regarding both Defendants. NERC has a file sharing agreement with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

12. Plaintiff promptly and diligently accommodated all NERC and EEOC requests for information and fully cooperated in the investigation of his charge.

13. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

14. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

15. Plaintiff, a physician, has a medical issue with his hands and hand dexterity and has difficulty typing. Plaintiff is a qualified individual with a disability within the meaning of the ADAA.

16. Plaintiff was hired by in 2007 by Defendant MHM SOLUTIONS, LLC. He was contracted by Defendant MHM SOLUTIONS, LLC to work for Defendant STATE OF NEVADA

BUREAU OF DISABILITY ADJUDICATION, a Department of the State of Nevada, and his assigned duties were those of a medical consultant.

17. Upon information and belief and at all relevant times, Defendants employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2009 to the present time and was further engaged in an industry directly affecting interstate commerce.

18. At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendants, but in 2009 Plaintiff became a vested employee of Defendant STATE OF NEVADA BUREAU OF DISABILITY ADJUDICATION.

19. Upon information and belief and at all relevant times, certain individuals herein named below, including but not limited to Smolyansky, Paterson, Owings, Zearing were acting as supervisors, agents, servants and/or employees of Defendants. Defendants are therefore liable for the acts and omissions of these individuals pursuant to the principals of ratification, respondeat superior and actual and/or implied agency.

20. At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendants. In August 2018, Plaintiff requested voice recognition activated software called the Dragon program be provided to him as a accommodation for his disability that results in limited use of his hands and difficulty typing. Laura Smolyansky told Plaintiff he needed a note for the request. Smolyansky, Stacie Paterson, Karin Owings, and Tony Zhering was requested to provide Plaintiff the software he requested as a reasonable accommodation for his disability.

///

///

///

4

21. Plaintiff complied with all Defendants' requests for medical forms or notes. Plaintiff was told by Defendant STATE OF NEVADA BUREAU OF DISABILITY ADJUDICATION staff in August 2018 that Defendant STATE OF NEVADA BUREAU OF DISABILITY ADJUDICATION did not want to provide Plaintiff with the requested software program.

22. In December 2018 Plaintiff questioned Defendant STATE OF NEVADA BUREAU OF DISABILITY ADJUDICATION's requirements that he work at least six (6) hours per day in his workplace office as opposed to working from home. Plaintiff contacted Defendant MHM SOLUTIONS, LLC's manager Zhering in winter of 2019 with concerns that he was misclassified as an independent contractor and was promised by Zhering that his concerns would be addressed.

23. In March 2019, Plaintiff performed over fifty (50) hours of work in a workweek but was not paid overtime.

24. Plaintiff was discharged by Defendant MHM SOLUTIONS, LLC's manager Zhering in July 2019 without any stated reason other than Defendant STATE OF NEVADA BUREAU OF DISABILITY ADJUDICATION did not require his services any longer. There was no issue or event which provided cause for Plaintiff's termination in July 2019.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Wrongful Termination Under the ADAA)**

25. Plaintiff requested a reasonable accommodation of receiving the Dragon software for his disability. Defendants refused to engage in any interactive process and refused to provide a reasonable accommodation to Plaintiff even though a reasonable accommodation was requested by Plaintiff.

///

///

26. Defendants continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff by providing for the Dragon software although it was reasonable to do so.

27. Defendants' termination of Plaintiff was not based upon any other reasonable reason and was discriminatory as to Plaintiff. Defendants terminated Plaintiff without just cause and because of his disability and requests for accommodation, and such adverse employment actions by Defendants were in violation of the ADAA.

28. Following Defendant's termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

29. As a result of Defendants' above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

30. Plaintiff should be awarded punitive damages as well because of Defendants' extreme and outrageous conduct. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**SECOND CAUSE OF ACTION**

**(Retaliation)**

39. Defendants' conduct as detailed herein was in fact illegal. Plaintiff was subjected to discriminatory conduct and disparate treatment, all of which are illegal activities as directed, ratified and tolerated by his employers. Plaintiff was terminated in retaliation by Defendants for

requesting an accommodation and reporting that he was misclassified as an independent contractor and other protected activity.

40. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to them as employees, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

41. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and retaliation.

42. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

## THIRD CAUSE OF ACTION

### (Violation of Nevada Statutory Protections)

43. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their disability. Defendants' conduct as detailed herein, was in fact illegal. Plaintiff was subjected to disability related and motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by his employers.

44. As a direct and proximate result of Defendants' violation of Nevada law, Plaintiff suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

45. Plaintiff should be awarded punitive damages as well because of Defendants' extreme and outrageous conduct.

46. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

47. There exists between the parties a justiciable controversy, regarding the rights and obligation of the parties under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* (FLSA) or state statutes as set forth herein, above, and any independent contractor agreement that may exist between the parties, or whether, or not, the contract is valid and whether or not Plaintiff is, or is not, an independent contractor pursuant to interpretation of statute, NRS 608.0155 . A court of jurisdiction is empowered to determine the rights and liabilities of parties pursuant to a contract, or a statute, pursuant to NRS 30.010 *et seq.,* and pursuant to Federal Rule of Civil Procedure 57.

48. The issues involved herein are ripe for judicial determination and Plaintiff seeks Declaratory Relief as well as compensatory damages and attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### (Violation of the FLSA – Failure to Pay Overtime Wages to Plaintiff)

49. This claim arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiff overtime wages.

///

///

50. At all times material hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1). Plaintiff was not compensated for overtime worked during her work shift.

51. Defendants have a policy, program or practice it implemented to fail or refuse to pay employees' time worked over forty (40) hours per week to avoid overtime. In truth, Plaintiff repeatedly worked more than forty hours per week. Defendants failed to keep accurate records of time non-exempt employees worked, in violation of 29 C.F.R. § 516.2 *et seq.*

52. At all times relevant, Plaintiff, was employed by Defendant in a non-exempt position and is entitled to 1.5 times his regularly rate in overtime wages for all hours worked over 8 hours per day and 40 hours in a week pursuant to 29 U.S.C. § 207.

53. Plaintiff was subject to a policy that purposefully, or alternatively negligently, deprived him of overtime wages for work performed that benefited Defendants. Upon information and belief, this practice of failing to pay employees and effectively forcing them to work off-the-clock is common practice of Defendants.

54. Defendants did not compensate Plaintiff and those similarly situated at a rate of 1.5 times his regular hourly rate of pay for all time worked in excess of 8 hours per day and 40 hours in individual workweeks, as required by the FLSA.

55. Defendants' refusal and failure to pay lawful wages, including overtime wages, to Plaintiff and those similarly situated for all time worked in excess of 40 hours per week violated 29 U.S.C. § 207. Per the FLSA, Plaintiff seeks all available damages including but not limited to wages, liquidated damages, attorneys' fees, punitive damages and costs.

///

///

///

**SIXTH CAUSE OF ACTION**

**(Retaliation in Violation of FLSA)**

56. The Fair labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, applied to Plaintiff's employment with Defendants at all times relevant.

57. 29 U.S.C. § 215(a)(3) prohibits employers from discharging or discriminating in any other manner against an employee for complaining about violations of FLSA;

58. Plaintiff engaged in protected activity under FLSA by complaining to about unpaid overtime and misclassification. Plaintiff's employment was terminated by Defendants for complaining. Per the FLSA, Plaintiff seeks all available damages including but not limited to wages, liquidated damages, attorneys' fees, punitive damages and costs.

**SEVENTH CAUSE OF ACTION**

**(Breach of Contract)**

59. Plaintiff was misclassified as an independent contractor. In the alternative, if the court deems that he was properly classified as an independent contractor he had contractual duties and obligations where he could only be terminated for just cause. Defendants breached the express or implied contractual terms and provisions by disingenuously violating the express or implied contractual terms, procedures and termination provisions by failing to have just cause for terminating Plaintiff.

60. As a direct and proximate result of Defendants' breach, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

///

///

## EIGHTH CAUSE OF ACTION

### (Tortious Discharge In Violation Of Public Policy)

61. Plaintiff sought and requested a safe and healthy working environment from Defendants. Plaintiff requested a reasonable accommodation as set forth herein above. Plaintiff reported a failure to pay overtime and a failure to properly classify Plaintiff as an employee as he was misclassified due to the control exerted and other reasons whereby Plaintiff was not an independent contractor as that term is set forth in NRS 608.0155.

62. Defendants knew that Plaintiff was exercising his right to engage in protected activity by requesting a reasonable accommodation and investigation into the failure to pay overtime and misclassification. Defendants sought to punish and retaliate against Plaintiff by terminating him for engaging in a protected activity, requesting a reasonable accommodation and investigation into the failure to pay overtime and misclassification.

63. The public policy of the State of Nevada favors protecting employees who engage in conduct that they believe to be required by law and who take action to protect the public and employee safety.

64. Plaintiff engaged in conduct protected by the public policy of the State of Nevada as set forth above.

65. Dismissal of Plaintiff was pretextual and in retaliation for Plaintiff engaging in conduct consistent with and supportive of the sound public policy of the State of Nevada including pursuing his rights to engage in a protected activity.

66. As a direct and proximate cause of Defendants' tortious discharge in violation of public policy, Plaintiff has suffered and sustained monetary damages.

///

///

67. Defendants' tortious discharge in violation of public policy was engaged in heedless and reckless disregard for Plaintiff's rights and welfare, and the same was done intentionally, maliciously and with wanton disregard for Plaintiff's rights, in an attempt to oppress, defraud or be malicious to the Plaintiff. Accordingly, Plaintiff is entitled to punitive damages against Defendants in order to punish Defendants and to serve as an example to others engaged in such conduct that such conduct will not be tolerated.

68. As a further result of Defendants' above stated actions, it has been necessary for Plaintiff to obtain the services of the law firm of Hatfield & Associates, LTD., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendants as follows:

1. Enter an injunction ordering Defendants to make Plaintiff whole with full back pay, and benefits and reinstatement of sick leave time that Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages;

5. An award to Plaintiff for reasonable attorney's fees and costs;

6. An award to Plaintiff for interest on any awards at the highest rate allowed by law; and

///

**7.** Such other and further relief as this Court deems just and appropriate.

Dated this 6th day of April 2021.            **HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
   *Attorney for Plaintiff*