1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| Navdeep Dhaliwal, | Case No. 2:21-cv-00568-GMN-BNW |
| Plaintiff, | |
| v. | **Report and Recommendation re ECF Nos. 49 and 51** |
| MHM Solutions, LLC, *et al.*, | |
| Defendants. | |

Before the Court are Defendant MHM Solutions, LLC's motion to enforce settlement (ECF No. 49) and Defendant Nevada Bureau of Disability Adjudication's motion to enforce settlement (ECF No. 51). The Court extended Plaintiff's deadline to December 23, 2021 to respond to these motions. *See* ECF No. 53. Plaintiff has failed to respond by this new deadline.

**I.    Background**

On April 7, 2021, this case was assigned to the Early Neutral Evaluation Program and J. Youchah was assigned to the case as the settlement judge. ECF No. 3. Upon Defendants' appearance a few months later, J. Youchah set the Early Neutral Evaluation. ECF No. 18. At the conclusion of the Early Neutral Evaluation, the parties placed the settlement agreement, including all material terms, on the record. ECF No. 44 (sealed).

A few days later, Plaintiff's attorney filed a notice of attorney's lien and sought to withdraw from the case. ECF Nos. 37 and 38. J. Youchah held a hearing on October 27, 2021, granted the motion to withdraw and told Defendants they could file motions to enforce settlement

if they wished to do so. ECF No. 42; *see also* ECF No. 50 (sealed). Defendants have done so, bringing this matter before the Court.

## II.    Parties' Arguments

Both motions recite similar backgrounds and arguments. Specifically, that Plaintiff Navdeep Dhaliwal and Defendants MHM Solutions, LLC and State of Nevada Bureau of Disability Adjudication reached a settlement as to all material terms during the Court's Early Neutral Evaluation on October 5, 2021. The parties memorialized the settlement on the Court's record and Plaintiff expressly stated that he understood and agreed with the settlement terms.[1]

## III.    Legal Standard

Federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g., In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). Even when the case involves a federal cause of action, the construction and enforcement of settlement agreements are governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 121 Nev. 668, 672 (2005). A contract is formed when the parties have agreed to the material terms of the agreement, even if the contract's exact language is not final. *Id.* "A meeting of the minds exists when the parties have agreed upon the contract's essential terms." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012).

Despite the fact that a formal settlement agreement has not yet been signed, the Nevada Supreme Court has held that a settlement contract can be formed when the parties have agreed to its material terms, even though the contract's exact language is finalized at a later time. *See May*, 121 Nev. 668; *see also Singh v. Reed*, 551 Fed. Appx. 927 (9th Cir. 2014). Moreover, "where the parties represent in open court that a settlement was reached and place the terms of the settlement on the record, courts are empowered to summarily require the parties to comply with those terms." *Harper v. Nevada Property 1, LLC*, Case. No. 2:19- cv-02069-GMN-VCF, 2021 WL 3418350 (D. Nev. 2021).

---

[1] The material terms of the settlement agreement were recited and agreed to by Plaintiff on the record and are contained in a sealed transcript. *See* Sealed Transcript at ECF No. 44 at 5:11–10:2.

**IV.    Analysis**

First, the Court notes that it can recommend that the motions be granted as unopposed under LR 7-2(d). Nevertheless, the Court provides its rationale for recommending the granting of these motions.

After reaching a settlement during the Early Neutral Evaluation, the parties placed the essential terms of that settlement on the record. *See* ECF No. 44 (sealed). Plaintiff expressly agreed to the essential terms of the settlement with each Defendant. *Id*. There is no dispute as to the substance of the agreed-upon terms. *Id*. Plaintiff simply appears to have had a change of heart. However, "'[a]n agreement announced on the record becomes binding even if a party has a change of heart after [he] agreed to its terms but before the terms are reduced to writing.'" *Doi v. Halekulani Corp*., 276 F.3d 1131, 1138 (9th Cir. 2002) (quoting *In re Christie,* 173 B.R. 890, 891 (Bankr. E.D. Tex. 1994)).

Accordingly, the undersigned will recommend that Defendants' motions to enforce settlement be granted.

**V.    Sanctions**

A court has inherent power to sanction a party if it acts in "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" as well as for "willful[] abuse [of the] judicial processes." *Gomez v. Vernon*, 255 F.3d 1118, 1133–34 (9th Cir. 2001) (internal quotation marks and citation omitted). The Ninth Circuit has affirmed the imposition of sanctions under inherent authority when a party attempts to renege on a valid settlement agreement. *See Doi*, 276 F.3d at 1141 (affirming sanctions when the terms of a settlement agreement were placed on the record and the party attempting to withdraw had refused to sign the agreement.)

Here, Plaintiff was represented by counsel when he entered into the settlement agreement. When Plaintiff attempted to renege, counsel moved to withdraw. J. Youchah warned Plaintiff that it was highly likely that the agreement would be enforced and that the Court would also likely award the parties seeking to enforce the settlement attorney fees for having to file such motions. ECF No. 50 (sealed). After Defendants filed the instant motion, Plaintiff asked the Court for an

extension to respond but failed to comply with the new deadline. Given the totality of the circumstances at play, the Court finds Plaintiff has acted vexatiously and in bad faith. As a result, the Court will recommend that the request for fees be granted.

**VI.    Conclusion and Recommendation**

      **IT IS THEREFORE RECOMMENDED** that ECF Nos. 49 and 51 be **GRANTED**.

**VII.    Notice**

      This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within **14 days** of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 28, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE