**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NAVDEEP DHALIWAL,      ) | |
|                     ) | |
|         Plaintiff,    ) | Case No.: 21-cv-00568-GMN-BNW |
|     vs.                 ) | |
|                     ) | **ORDER** |
| MHM SOLUTIONS, LLC AND STATE OF   ) | |
| NEVADA BUREAU OF DISABILITY      ) | |
| ADJUDICATION,           ) | |
|                     ) | |
|         Defendants.   ) | |
| —————————————————— ) | |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Brenda Weksler, (ECF No. 56), recommending that the Court grant Defendant MHM Solutions, LLC's ("MHM's") Motion to Enforce Settlement, (ECF No. 49), and Defendant State of Nevada Bureau of Disability Adjudication's ("BDA's") Motion to Enforce Early Neutral Evaluation Settlement, (ECF No. 51). Plaintiff Navdeep Dhaliwal ("Plaintiff") timely filed an Objection, (ECF No. 57). [1] Defendants MHM and BDA (collectively, "Defendants) each filed a Response, (ECF Nos. 60 and 61).

For the reasons discussed below, the Court **ADOPTS in full** the Magistrate Judge's R&R and **GRANTS** Defendants' Motions to Enforce Settlement.

I. **BACKGROUND**

On October 5, 2021, the parties engaged in an Early Neutral Evaluation ("ENE") Conference and reached a settlement. (Mins. Proceeding, ECF No. 36). The Court canvassed the parties, and the essential terms of the confidential settlement were read into the record. (*Id.*).

---

[1] Though Plaintiff is appearing pro se, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff's counsel thereafter filed a Motion to Withdraw as Attorney, (ECF No. 38).  On October 27, 2021, the parties met again to discuss the status of settlement and the Motion to Withdraw. (Mis. Proceeding on Mot. Hearing, ECF No. 42).  At the status check hearing, the Court granted the Motion to Withdraw Attorney. (*Id*.).  The Court additionally reminded Plaintiff that he orally agreed to the terms of the settlement agreement at the Early Neutral Evaluation Conference. (Partial Transcript 3:23–24, ECF No. 50)  Specifically, the Court explained:

> That means that you entered into an agreement, a contract. And you can't -- once you enter into a contract, even an oral contract of this nature that's approved by the Court, you don't -- you can't go back and renegotiate it. Unless there is something egregious that the defendant has done subsequently that might change the basis of your understanding -- in other words, if you could discover an intentional misrepresentation, essentially, a fraud that was perpetrated during the settlement negotiations that materially impacted your understanding of the case – there's no way to undo that contract.
>
> And if you pull out of the contract now, which I can't stop you from doing, you can anticipate that MHM and the State and all of the defendants will file a motion to enforce the settlement and for their attorneys' fees and costs for having to do so. And I will tell you that there is a very high likelihood that that motion would be successful, because you agreed on the record to very specific terms that I laid out.

(*Id*. 4:3–19).  Defendants then each filed a Motion to Enforce Settlement. (*See* MHM's Mot. to Enforce Settlement, ECF No. 49); (*see also* BDA's Mot. to Enforce Early Neutral Evaluation Settlement Agreement, ECF No. 51)  Plaintiff filed a Motion to Extend Time to respond to the Motions to Enforce Settlement, (ECF No. 52), which Magistrate Judge Weksler granted. (*See* Order Granting Mot. Extend Time, ECF No. 53)  She further instructed that "[s]hould [Plaintiff] wish to retain counsel, he must do so soon so as to meet the [extended] deadline." (*See id*.).

Plaintiff did not file a Response.  Magistrate Judge Weksler then issued the instant Report and Recommendation, (ECF No. 56), recommending the Court grant the Motions

to Enforce Settlement, (ECF Nos. 49, 51), and issue sanctions in the form of attorney's fees.  Plaintiff timely filed an Objection, (ECF No. 57), to which Defendants each filed Responses, (ECF Nos. 60–61).

## II.    LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.    DISCUSSION

The R&R recommends granting the Motions to Enforce Settlement, (ECF Nos. 49, 51), and granting MHM's request for sanctions in the form of attorneys' fees. (*See* R&R at 3–4). The Court addresses each recommendation in turn.

### A.    Enforcement of the Settlement Agreement

"[I]t is well-established that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record." *Doi v. Halekulani Corp.*, 276 F.3d 1131 (9th Cir. 2002) (citing *Sargent v. HHS*, 229 F.3d 1088, 1090 (Fed. Cir. 2000)).  In *Doi v. Halekulani Corporation*, the Ninth Circuit addressed a similar situation to the present case. *See id*.  There, the plaintiff argued that she did not actually intend to be bound to the settlement when she orally accepted the terms of the settlement agreement. *Id*. at 1137.  The Ninth Circuit disagreed, finding that her oral agreement to the terms of the settlement in open court meant that plaintiff was thus bound to the terms of the settlement agreement. *Id*.  Specifically, the Ninth Circuit reasoned:

//

> [T]he settlement was negotiated in off-the-record discussions with the court.  The parties then went into open court and announced that there was a settlement.  The settlement contained agreement as to all material terms, which terms were put on the record.  And in response to direct questioning by the court, [the plaintiff] stated that she agreed with the terms. [. . .] Any question as to [the plaintiff's] intent to be bound was answered when she appeared in open court, listened to the terms of the agreement placed on the record, and when pressed as to whether she agreed with the terms, said "yeah."

*Id*. at 1137–38.

Just like the Court in *Doi*, Magistrate Judge Youchah read the terms of the settlement on the record, canvassed Plaintiff, and Plaintiff expressly agreed to the terms in open court. (*See* Transcript of Early Neutral Evaluation, ECF No. 44).  Plaintiff, in his Objection, fails to raise any egregious error with the settlement agreement, such as intentional misrepresentation. (*See* Partial Transcript 4:6–12) (explaining that there is no way to undo the contract "[u]nless there is something egregious that the defendant has done subsequently that might change the basis of [Plaintiff's] understanding" like intentional misrepresentation).  Therefore, like the plaintiff in *Doi*, Plaintiff is bound to the terms of the settlement agreement as decided on October 5, 2021. (*See* Mins. Proceeding, ECF No. 36).

Plaintiff raises three main arguments in his Objection that are without merit. Specifically, he argues: (1) that he is not familiar with legal terms and was late and tired during the ENE; (2) that he was misguided and did not have appropriate legal representation at the ENE; and (3) that Defendants misclassified his employment, which he argues is a violation of his due process rights. (*See* Obj. to R&R at 4, ECF No. 57).  Plaintiff, however, was represented during the settlement negotiations. (*See* Mins. Proceeding, ECF No. 36).  His attorney filed a Motion to Withdraw as Attorney after the ENE. (*See* Mot. Withdraw, ECF No. 38).  At the ENE, Plaintiff agreed to the terms of the agreement. (*See* Mins. Proceeding, ECF No. 36).  The Ninth Circuit in *Doi* cautioned: "we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her.  The

courts spend enough time on the merits of litigation; we need not (and therefore ought not)

open the flood gates to this kind of needless satellite litigation." *Doi*, 276 F.3d at 1141.

Plaintiff's three arguments thus do not demonstrate an egregious error with the settlement such

that the Court should refuse to enforce the orally agreed-upon settlement.

### B.   Sanctions

Magistrate Judge Weksler also recommends issuing sanctions in the form of attorney's

fees in her R&R. (R&R 3:15–4:3).  "A court has the inherent power to sanction a party or its

lawyers if it acts in 'willful disobedience of a court order . . . or when the losing party has acted

in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[] abuse [of

the] judicial processes.'" *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citing

*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980)

(internal citations and quotations omitted).  In *Doi*, the Ninth Circuit affirmed the district

court's award of $1,000 in sanctions. *Doi*, 276 F.3d at 1141.  At the trial level, the district

court warned plaintiff of the potential risk of sanctions, if she decided to withdraw from the

settlement agreement. *Id*. at 1140.  Because she was notified of the consequences, the district

court determined that the award of sanctions was appropriate. *Id*.  The Ninth Circuit agreed and

found that "the district court did not abuse its discretion when it sanctioned [the plaintiff] for

her unreasonable failure to sign the written agreement." *Id*.

Likewise, Magistrate Judge Elayna Youchah warned Plaintiff of the potential sanction of

attorney's fees if Plaintiff decided to withdraw from the settlement agreement. (Partial

Transcript at 4).  Plaintiff, knowing the consequences, still sought to withdraw from the

agreement.  Sanctions in the form of reasonable attorney's fees is thus appropriate.

Plaintiff argues that he had "no intention for any willful disobedience against court,

judge or any attorney." (Obj. to R&R at 5).  He further states that he "tried to file the motion

. . . on Dec 30th but court was closed until Jan 3th [sic]." (*Id*.). The Court extended Plaintiff's deadline to file a response to Defendants' respective Motions to Enforce Settlement to December 23, 2021, upon Plaintiff's own request. (*See* Pl.'s Mot. Extend Time, ECF No. 46); (*see also* Order Granting Mot. Extend Time, ECF No. 53). Thus, Plaintiff's attempt to file a response on December 30, 2021, was already delayed. Though Plaintiff was proceeding *pro per*, as Magistrate Judge Youchah explained, Plaintiff is "a very highly educated intelligent human being, more so than many [. . .] plaintiffs." (*See* Partial Transcript at 3). Though Plaintiff may have been confused about the deadline, Plaintiff nevertheless knew about the potential sanctions if he withdrew. The Court thus agrees with Magistrate Judge Weksler's recommendation and grants the request for *reasonable* attorney's fees.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 56), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant MHM's Motion to Enforce Settlement, (ECF No. 33), and Defendant BDA's Motion to Enforce Early Neutral Evaluation Settlement, (ECF No. 51), are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall file a Motion for Attorney's Fees for the magistrate judge to consider the reasonableness of the sanction in light of the above misconduct. Defendants shall also file declaration(s) explaining the amount of attorneys' fees.

**DATED** this __28__ day of June, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court